Turley, J.
delivered the opinion of the court.
This is an action brought by the Union Bank against the defendant, as the endorser of a promissory note held by the bank as owner.
The declaration sets forth the cause of action, as arising out of the execution of the promissory note and the endorsement of the defendant, and instead of making profect thereof, assigns as an excuse for not doing so, that the same have been lost. This declaration was not, at the time it was filed, accompanied with an affidavit of the truth of the fact thus alleged, for which reason the judgment rendered in the case in favor of the Bank was arrested by the court below. The defendant took no objection for the want of the affidavit, *319 but plead to the merits of the case, and went tó trial without insisting upon this defect. Having done so, we are of opinion that he is too late in seeking to take advantage of it by-motion in arrest.
The want of profert, when it is required by law, cannot be taken advantage of but by special demurrer, and is not a good cause for an arrest of judgment. This point is abundantly settled in the books.
If, then, the want of profert is cured after verdict, surely the want of an affidavit as to the truth of a reason assigned for not making it will be so likewise.
As to the objection, that a court of law has no jurisdiction as against the endorser upon a lost endorsement, all that it is necessary to observe is, that it is given in express words by the act of 1819, ch. 27, s. 1, viz: “other instrument of writing for the payment of money or other valuable thing.” It has never been questioned in the courts, since the passage of this statute, that this jurisdiction exists.
Reverse the judgment on the motion in arrest, and give judgment on the verdict for the plaintiff.